SUPPRESSED

FILED

JUL 22 2020

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 4:20CR00355 SEP/NAB |
| CHRISTIAN HOCK, ) | |
| Defendant. ) | |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term

    (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

    (b) "sexually explicit conduct" to mean actual or simulated--

        (i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

        (ii) bestiality,

        (iii) masturbation,

        (iv) sadistic or masochistic abuse, or

        (v) lascivious exhibition of the anus, genitals, or pubic area of any person (18 U.S.C. §2256(2)(A));

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C. § 2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C. §2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. On or about December 22, 2019, within the Eastern District of Missouri, and elsewhere,

**CHRISTIAN HOCK,**

the defendant herein, did knowingly transport images of child pornography using any means or facility of interstate and foreign commerce or in or affecting interstate or foreign commerce by any means, that is, the defendant transported graphic image and video files using his Samsung S9 cell phone and Telegram application (via the Internet) which contained child pornography, including, but not limited to, the following:

    a.       "OkshTYwk.jpg" – a graphic image that depicts a male toddler being anally penetrated by a man's penis;

    b.       "75438fc144.360.mp4" – a graphic video that depicts, in part, a male inserting his penis into the rectum of a minor male in various sexual positions, and then the adult male ejaculates onto the penis of the minor male.

    c.       "M3.mp4" – a graphic video file depicting, in part, a male anally penetrating an infant boy while he cries.

In violation of Title 18, United States Code, Section 2252A(a)(1).

## COUNT II

The Grand Jury further charges that:

8.       The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

9.       Between on or about April 1, 2020, and on or about May 5, 2020, within the Eastern District of Missouri and elsewhere,

**CHRISTIAN HOCK,**

the defendant herein, did knowingly possess material that contained an image of child pornography that was produced using materials that traveled in interstate and foreign commerce, to wit, a McLaren 5G cell phone, said device having been produced outside Missouri and therefore having traveled in interstate and foreign commerce, and device contained child pornography, including but not limited to, the following:

    a.       "missionary.mp4" – a graphic video that depicts, in part, a pre-pubescent minor male in a lewd and lascivious display of his genitals being anally penetrated;

b.   "5_63256262231525998904.mp4" - a graphic video that depicts, in part, a pre-pubescent minor female in a lewd and lascivious display of her genitals being anally penetrated;

c.   "5_6314310779407433983.mp4" - a graphic video that depicts, in part, a male toddler in a lewd and lascivious display of his genitals being anally penetrated;

d.   "4_5933569517824247555.mp4" - a graphic video that depicts, in part, a toddler male being anally penetrated; and

e.   "5_6314258788828315933.mp4" - a graphic video that depicts, in part, a toddler female in a lewd and lascivious display of her genitals while an object is inserted into her vagina.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.   Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B), as set forth in Counts I and II of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2.   If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney


_____
KYLE T. BATEMAN, #996646 (DC)
Assistant United States Attorney