UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:20-cr-355 SEP |
| CHRISTIAN HOCK, | ) ) ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION FOR DETENTION PENDING SENTENCING**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney for said District, and moves this Court to detain defendant pending sentencing. The Government asserts:

1. On November 9, 2021, the defendant is scheduled to plead guilty to one count of Distribution of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(1), and one count of Possession of Child Pornography, in violation of Title 18, U.S.C., Section 2252A(a)(5)(B).

2. Title 18, United States Code, Section 3143(a)(1) states:

    The judicial officer shall order that a person found guilty of an offense in a case described in **subparagraph (A)**, (B), or (C) of **subsection (f)(1) of section 3142** and is awaiting imposition or execution of sentence be detained unless:

    (A)  (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**

1

      (B)    the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

3. Title 18, United States Code, Section 3142 (f)(1)(A) lists "crime of violence."

4. Title 18, United States Code, Section 3156(a)(4)(C) states that "crime of violence means" "any felony under chapter . . . 110 [18 U.S.C.A Section 2251 et seq.]. . . ." Defendant's anticipated plea of guilty to violations of Sections 2252A(a)(1) and 2252A(a)(5)(B) are within chapter 110.

5. Because the government is not recommending probation, defendant does not fit into any exception that would permit him to remain on bond.

6. It is the Government's understanding that the defendant will argue that exceptional reasons exist supporting the defendant's release. Title 18, United States Code, Section 3145(c), states, in part, "[a] person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are **exceptional reasons** why such person's detention would not be appropriate." Exceptional reasons are "clearly out of the ordinary, uncommon, or rare when compared to every other defendant convicted of offenses involving the sexual exploitation of children, all of whom are subject to mandatory detention under § 3143(a)(2)." United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004) (remaining "in a treatment program for depression pending his assignment to a federal correctional institution" and being "subjected to violence if detained in a local jail while awaiting assignment to a federal correctional institution" were not exceptional reasons); see also United States v.

2

Larue, 478 F.3d 924, 925 (8th Cir. 2007) (that he "complied with the terms of his pretrial release, that he had no criminal record, that he was taking mental-health medication, that he had ongoing employment, and that the nature of his offense might cause him to be subjected to violence while in jail or other detention facility" were not exceptional reasons); United States v. Little, 485 F.3d 1210 (8th Cir. 2007) ("the fact that [defendant] cooperated in the investigation, voluntarily gave incriminating statements, consented to the seizure of his computer, and his full compliance with pretrial release conditions[,] and his timely appearance at all court proceedings" were not exceptional reasons); and United States v. Schmitt, 515 Fed.Appx. 646, 647 (8th Cir. 2013) (for defendant found guilty of conspiracy to manufacture and distribute methamphetamine, there were no exceptional reasons where defendant did not sell or profit from drug conspiracy, cooperated with the court, was helping her elderly parents, and was not a risk to the community).

WHEREFORE, the Government respectfully submits that the defendant should be detained under the applicable statutory provisions in Section 3143, and defers to the Court as to whether exceptional reasons exist that support his release pending sentencing.

Respectfully submitted:

SAYLER A. FLEMING
United States Attorney

  s/ Kyle T. Bateman
KYLE T. BATEMAN, 996646DC
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63102

3